UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE BROWNLEE, | ) | CASE NO.: 1:19CV1993 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN HAROLD MAY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Eddie Brownlee.   Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein.   Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R in this matter found that Brownlee's fourth ground for relief did not offer any legal or factual support for its contention that Brownlee's rights were violated when the presumption of innocence was not honored by the state court.   In his objections, Brownlee appears to argue that this claim was not procedurally defaulted.   However, the R&R did not conclude that

the issue was procedurally defaulted.   Instead, it found that Brownlee failed to develop any

argument in support of the issue in *this* proceeding.   Brownlee has not responded in any manner

to that conclusion.   Accordingly, his objection to this conclusion in the R&R is OVERRULED.

The remainder of Brownlee's objection is focused upon his claim that he should survive

the procedural default of any claim raised based upon his assertion of actual innocence.   However,

the affidavit from Brownlee's co-defendant Ryan Motley that was attached to his traverse does not

support a claim of actual innocence.   While the affidavit states that Motley and Brownlee had no

formal discussion regarding the murder of Williams, it does not contradict any of the evidence

reviewed by the R&R in finding there was sufficient evidence to support Brownlee's conviction:

> As explained by the Ohio Court of Appeals, it was reasonable for the jury to find
> that Brownlee purposely caused and planned with Motley to kill Williams based
> on: (1) Brownlee's comments to Motley to "get those motherf***ers" and "f***
> up" Williams; (2) Williams's girlfriend's testimony that Brownlee told them that
> they were "gonna see [their] graves"; (3) Motley's testimony that he took
> Brownlee's gun from Brownlee's hotel room, went to William's apartment with
> two other men donning masks and gloves, laid in wait for Williams, and pulled out
> the gun *before* he "bum-rushed" Williams; (4) Motley's testimony that Brownlee
> said "it's done" and gave him $2,800 in drugs as payment after the murder; and (5)
> Motley's own admission that he acted with purpose to kill Williams.   ECF Doc.
> 11-1 at 130-33; see also Ohio Rev. Code § 2903.01(B) (requiring "purpose" to
> cause death for aggravated murder); Ohio Rev. Code § 2923.01(A)(1) (requiring
> purpose that a murder be committed by one of the people with whom the defendant
> planned the murder). Even though other evidence – including some of Motley's
> testimony – could have conflicted with a finding that Brownlee intended for Motley
> to kill Williams, the jury was free to disbelieve any testimony (or other evidence)
> that it didn't think was credible.

Doc. 14 at 21-22.   While Motley's affidavit attempts to assert that Motley acted independently, it

does not contradict any of the evidence detailed above.   As a result, it does not support a claim of

actual innocence.   Accordingly, Brownlee's objections premised upon a claim of actual innocence

are OVERRULED.

Brownlee's objections lack merit.   The R&R is hereby ADOPTED IN WHOLE, and

Brownlee's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


September 30, 2021                              _____ /s/ John R. Adams_____
                                               JUDGE JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE